Mr. Justice Montemuro is sitting by designation.

**In re Anonymous No. 56 D.B. 94**

Disciplinary Board Docket no. 56 D.B. 94.

To the Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania:

NIX, *Member,* October 30, 1995—Pursuant to Rule 208(d)(2)(iii) of the Pennsylvania Rules of Disciplinary Enforcement, the Disciplinary Board of the Supreme Court of Pennsylvania herewith submits its findings and recommendations to your honorable court with respect to the above-captioned petition for discipline.

## I. HISTORY OF PROCEEDINGS

By order of the Supreme Court of Pennsylvania dated March 24, 1994, a rule was issued to show cause why respondent, having been convicted in the Court of Common Pleas of [    ] County of 21 counts of theft by failure to make required disposition of funds received in violation of 18 Pa.C.S. §3927, should not be placed on temporary suspension.

By order of the Supreme Court of Pennsylvania, dated June 10, 1994, respondent was placed on temporary suspension and ordered to comply with all the provisions

of Rule 217, Pa.R.D.E., and the matter was referred to the Disciplinary Board pursuant to Rule 214(f)(1), Pa.R.D.E.

On June 30, 1994 a petition for discipline was filed by the Office of Disciplinary Counsel. No answer was filed by the respondent.

On July 11, 1994, the matter was referred to Hearing Committee [    ] consisting of [    ], Esquire, Chairperson, and [    ], Esquire and [    ], Esquire, members.

On September 22, 1994, a disciplinary hearing was held, and on March 6, 1995, the continued disciplinary hearing was held.

The Hearing Committee filed its report on June 30, 1995, recommending a three year suspension commencing June 10, 1994, followed by two years probation.

This matter was adjudicated at the August 17, 1995 meeting of the Disciplinary Board.

## II. FINDINGS OF FACT

(1) Petitioner, whose principal office is located at Suite 400, Union Trust Building, 501 Grant Street, Pittsburgh, Pennsylvania, is invested, pursuant to Rule 207, Pa.R.D.E., with the power and the duty to investigate all matters involving alleged misconduct of an attorney admitted to practice law in the Commonwealth of Pennsylvania and to prosecute all disciplinary proceedings brought in accordance with the various provisions of the aforesaid rules.

(2) Respondent is an attorney admitted to practice law in the Commonwealth of Pennsylvania as of June 1981. Her attorney registration number is [    ].

(3) Respondent was placed on temporary suspension by order of the Supreme Court of Pennsylvania on June 10, 1994.

(4) On May 11, 1987 respondent was employed on a full-time basis by [A], Esquire, a sole proprietor.

(5) Respondent worked as an employee of [A] from May 11, 1987 through August 14, 1991.

(6) Commencing approximately July 7, 1987 until August 7, 1991 respondent stole monies which were paid by clients using the majority of these funds to purchase cocaine.

(7) The respondent was, during this period of time, a cocaine addict.

(8) In August 1991, [A] discovered that monies were not being deposited into client accounts and after investigation determined that respondent had the opportunity and did in fact take possession of these checks, cashing and depositing same into her own account.

(9) Respondent's employment was terminated August 14, 1991.

(10) Despite such termination, respondent did continue to work on a part-time basis for [A].

(11) On December 8, 1992, respondent was arrested and accused of the following crimes:

(a) 18 Pa.C.S. §3925—receiving stolen property;

(b) 18 Pa.C.S. §3927—theft by failure to make required disposition of funds received; and

(c) 18 Pa.C.S. §4113—misapplication of entrusted property and property of government or financial institution.

(12) On December 1, 1993, respondent entered into a negotiated guilty plea in which she pled guilty to 21 separate counts of theft by failure to make required disposition of funds received in violation of 18 Pa.C.S. §3927, a misdemeanor, in the amount of $10,468.

(13) The other charges were nolle prossed pursuant to this negotiated plea.

(14) The Court of Common Pleas of [    ] County on December 1, 1993 imposed a sentence which included:

(a) 48 month probation;

(b) $250 fine;

(c) restitution in the amount of $10,468; and

(d) 200 hours of community service.

(15) Respondent has been attempting to make restitution and complete the probationary requirements including random urine tests and community service.

(16) On December 9, 1993, respondent entered into a pre-order sobriety monitor agreement.

(17) Respondent has complied with all requirements of the sobriety monitor agreement.

(18) Respondent, during this period of time, stole the money from her employer, Attorney [A], to support her addiction.

(19) [B], a licensed psychologist and a certified addictions counselor diplomat with a specialty in addictions testified he has worked in the addictions field since 1975 and testified that respondent was his patient.

(20) [B] testified that "without her addiction, the behavior would not have occurred. It is unlikely the

behavior would have occurred." The behavior is that which led to the criminal conviction.

(21) [B] gave his opinion that if respondent remains sober, it is very unlikely that the behavior would recur.

(22) [C], Esquire testified that she is an attorney admitted to the Bar of the Supreme Court of Pennsylvania and functions as a sobriety monitor for respondent pursuant to a written pre-order sobriety monitor agreement.

(23) Such monitoring continues successfully to date.

(24) The [ ] County Adult Probation Officer assigned since December 1993 to respondent has taken random urine samples all of which have been negative.

(25) The respondent has continued, post-conviction, to regularly attend and actively participate in AA and NA meetings.

(26) [A], Esquire, respondent's employer during the four year period relevant to this matter, testified that respondent was an able and competent attorney and, even after respondent was fired, he found her to continue to be a competent attorney while she worked for him on a part-time basis.

(27) Six character witnesses, including former clients, appeared at the hearing and testified as to respondent's legal abilities and good character.

## III. CONCLUSIONS OF LAW

Respondent violated R.P.C. 8.4(b) by committing a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects.

Respondent violated R.P.C. 8.4(c) by engaging in conduct involving dishonesty, fraud, deceit or misrepresentation.

Further, the criminal conviction of respondent constitutes an independent basis for discipline, pursuant to Rule 203(b)(1), Pa.R.D.E.

## IV. DISCUSSION

The respondent commenced her employment with [A's] law office on May 11, 1987, approximately seven years after her admission to the Pennsylvania Bar. Her primary legal responsibility would be the handling of domestic relations cases. She was to be paid a salary plus a percentage of fees generated from her own clients. She performed her work well and there were no apparent problems.

In August 1991, it was brought to [A's] attention that monies were being paid out on files which indicated they had no funds deposited. This was contrary to the practice of his law office. This notice after investigation, generated a confrontation with the respondent, denial and finally admission.

Respondent's employment was terminated August 14, 1991. In spite of such termination, respondent continued to work on a part-time basis with [A]. The post-termination was complicated by respondent filing a defamation complaint in February 1992, naming [A] as the defendant. Finally, there was a resolution and a repayment schedule was agreed to on December 1, 1993. The total amount to be repaid is $55,000 plus there are certain percentages of fees that might be earned on then active cases. On December 1, 1993, respondent

pled guilty to the misdemeanor violation for 21 counts of theft by failure to make required disposition of funds. The negotiated amount involved was approximately $10,500. She was sentenced to a four year probationary term, 200 hours of community services and restitution. On June 10, 1994, respondent was placed on temporary suspension pursuant to Rule 214(f)(1), Pa.R.D.E.

The respondent, by her conduct, violated the following Rules of Professional Conduct 8.4(b), and 8.4(c).

These infractions are most serious and go to the very basis of whether an individual has the character and integrity necessary to practice law. However, in the present case, this concern is tempered by the cause of the conduct in question, cocaine addiction. This addiction, coupled with respondent's recognition and confrontation of her addiction, is an indicator that respondent possesses the requisite character and integrity needed to be a member of the bar.

Given the foregoing, the remaining issue before this board is the appropriate discipline to be imposed. The Hearing Committee recommended a three year suspension beginning June 10, 1994, to be followed by two additional years of probation subject to maintaining the sobriety monitoring program or to any other plan to which she is referred.

It is clear that respondent was addicted to drugs. Respondent has accepted full responsibility for her actions and agrees that the substance abuse problem does not, in any way, excuse her misconduct. In Pennsylvania, it is established case law that the existence of psychiatric problems may mitigate attorney misconduct. *Office of Disciplinary Counsel v. Braun,* 520 Pa. 157, 553 A.2d

894 (1989). "In order for psychiatric infirmity to be considered in mitigation in a disciplinary proceeding, the respondent must establish the existence of a causal connection between the disorder and the attorney misconduct." *Office of Disciplinary Counsel v. Braun, supra;* see also, *In re Anonymous No. 99 D.B. 90,* 15 D.&C.4th 200 (1992).

Discipline is unique to the individual, *In re Anonymous No. 100 D.B. 88,* 12 D.&C.4th 60 (1990), and the appropriate way to decide on a particular discipline is to measure the respondent's conduct against other similar transgressions. *Office of Disciplinary Counsel v. Lucarini,* 504 Pa. 271, 472 A.2d 186 (1983).

In *In re Anonymous Nos. 101 D.B. 88 and 17 D.B. 89,* 10 D.&C.4th 599 (1990), respondent's misconduct included: commingling and personal use of client funds; acceptance of fees and subsequent failure to perform legal services; refusal to refund unearned fees to clients; refusal to communicate with clients; misrepresenting the status of legal matters to clients; neglect of entrusted legal matters; intentionally failing to carry out contracts of employment entered into with clients; and refusing to return files to clients. Respondent's voluntary admission into a drug treatment program was not a substitute for showing a causal connection between his addiction and his misconduct. The respondent was disbarred.

In *In re Anonymous No. 3 D.B. 89,* 18 D.&C.4th 490 (1993), the respondent was convicted of possession of cocaine with the intent to distribute the illegal drug. The respondent was successful in establishing a causal connection between his addiction and his misconduct

and was suspended from the practice of law for five years retroactive to his suspension from the bar by the Supreme Court.

In *In re Anonymous No. 32 D.B. 89,* 13 D.&C.4th 478 (1992), the respondent commingled, converted and otherwise misused funds belonging to his employer. The respondent was successful in establishing a causal connection between his personality disorder and his misconduct and was suspended from the practice of law for three years.

In the instant case, this board finds the testimony of respondent's expert to be credible and that the respondent's theft of law firm funds was secondary to her need for cocaine. Respondent has and continues to seriously attempt to correct her life, make restitution and return to her profession. Further, respondent's record of proven sobriety, as evidenced by her entry into a pre-order sobriety monitor agreement on December 9, 1993, shows that she has been sober without incident since entering the program. However, even given this board's acceptance of a mitigating factor, respondent's conduct was an extremely serious misconduct and the argument that no client was harmed is not persuasive.

The respondent having successfully demonstrated the causal connection between her addiction and misconduct warrants discipline less than disbarment, which was the discipline in *In re Anonymous No. 101 D.B. 88, supra.* Further, the respondent did not exhibit any intent to distribute the drug which resulted in a five year suspension in *In re Anonymous No. 3 D.B. 89, supra.*

This matter is similar to the fact setting found in *In re Anonymous No. 32 D.B. 89, supra.* In both cases,

the funds of the employer were misappropriated and a causal connection was established in both cases between the respondent's addiction and the theft. Therefore, the three year suspension imposed in *In re Anonymous No. 32 D.B. 89* is appropriate in the current matter.

In reviewing the totality of the circumstances it is this board's opinion that the most appropriate discipline is to suspend the respondent from the practice of law for a period of three years, retroactive to June 10, 1994.

## RECOMMENDATION

The Disciplinary Board of the Supreme Court of Pennsylvania respectfully recommends that respondent, [ ], a/k/a [ ], be suspended from the practice of law for three years, retroactive to June 10, 1994, the date of her temporary suspension.

It is further recommended that the court direct that respondent pay all of the necessary expenses incurred in the investigation and processing of this matter pursuant to Rule 208(g), Pa.R.D.E.

Board Members Leonard, Miller and Carson did not participate in the March 30, 1995 adjudication.

## ORDER

And now, November 30, 1995, upon consideration of the report and recommendations of the Disciplinary Board dated October 30, 1995, it is hereby ordered that [respondent], be and she is suspended from the bar of this Commonwealth for a period of three years, retroactive to June 10, 1994, and she shall comply with all the provisions of Rule 217, Pa.R.D.E.

It is further ordered that respondent shall pay costs to the Disciplinary Board pursuant to Rule 208(g), Pa.R.D.E.