**Office of Disciplinary Counsel v. Rentschler**

Disciplinary Board Docket nos. 33 and 127 DB 2009.

To the Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania:

MOMJIAN, *Member*, June 30, 2010—Pursuant to rule 208(d)(2)(iii) of the Pennsylvania Rules of Disciplinary

Enforcement, the Disciplinary Board of the Supreme Court of Pennsylvania ("board") herewith submits its findings and recommendations to your Honorable Court with respect to the above-captioned petition for discipline.

## I. HISTORY OF PROCEEDINGS

On March 17, 2009, Office of Disciplinary Counsel filed a petition for discipline at No. 33 DB 2009 against Michael D. Rentschler. The petition charged respondent with violations of the rules of professional conduct arising out of two complaints filed by his client, Raymond Tibbens. Respondent filed an answer to petition for discipline on April 7, 2009.

On August 19, 2009, Office of Disciplinary Counsel filed a second petition for discipline at No. 127 DB 2009 against respondent. The petition charged respondent with violations of the Rules of Professional Conduct arising out of a complaint filed by his client, Dennis Franco. Respondent filed an Answer to petition on September 4, 2009. On September 9, 2009, the petitions for discipline were consolidated for hearing.

A disciplinary hearing was held on October 14, 2009 before a District III Hearing Committee comprised of Chair Mark J. Powell, Esquire, and Members Joseph M. Cosgrove, Esquire, and Brian J. Cali, Esquire. Respondent was represented by Samuel C. Stretton, Esquire.

Following the submission of briefs by the parties, the Hearing Committee filed a Report on February 1, 2010, and concluded that respondent violated the rues of professional conduct as contained in the petitions for discipline. The committee recommended that respondent

be suspended for six months, the suspension be stayed, and respondent be placed on probation for a period of two years with conditions.

Petitioner filed a Brief on Exceptions on February 17, 2010. Respondent filed a Brief Opposing Exceptions on March 10, 2010 and requested oral argument.

Oral argument was held on March 26, 2010 before a three member panel of the Disciplinary Board .

This matter was adjudicated by the Disciplinary Board at the meeting on April 14, 2010.

## II. FINDINGS OF FACT

The board makes the following findings of fact:

1. Petitioner, Office of Disciplinary Counsel, located at Pennsylvania Judicial Center, 601 Commonwealth Ave., Suite 2700, Harrisburg, Pennsylvania, is invested, pursuant to Rule 207 of the Pennsylvania Rules of Disciplinary Enforcement, with the power and duty to investigate all matters involving alleged misconduct of an attorney admitted to practice law in the Commonwealth of Pennsylvania and to prosecute all disciplinary proceedings brought in accordance with the rules.

2. Respondent is Michael D. Rentschler. He was born in 1954 and was admitted to the practice of law in this commonwealth in 1986. His registered office address is 28 N. 32nd Street, Camp Hill PA 17011. He is subject to the jurisdiction of the Disciplinary Board of the Supreme Court of Pennsylvania.

3. Respondent has a record of prior discipline in Pennsylvania. He received an Informal Admonition

in 2005 for neglecting clients who were applying for permanent residence in the United States. He failed to file applications and failed to respond to requests from the clients. He failed to return papers and property to clients after his representation was terminated and failed to refund unearned fees until he was notified by the Office of Disciplinary Counsel of the complaints against him.

4. Respondent received a Private Reprimand in 2008 for his misconduct in two client matters. This misconduct consisted of neglecting his clients' matters and failing to communicate.

5. On September 12, 2007, respondent met with Raymond Tibbens for the purpose of representing Mr. Tibbens' wife in becoming a lawful permanent resident of the United States.

6. Respondent took possession of legal documents (birth certificates, marriage license, entry documents, etc.) and agreed to begin work on the case.

7. Mr. Tibbens entered into a non-refundable fee agreement of $1500.

8. Although respondent began to fill out various immigration forms, he never completed them.

9. In March of 2008, Tabitha Tanner, Esquire, began representing Mr. and Mrs. Tibbens concerning the immigration matter. She asked respondent to refund the $1500 retainer. Respondent agreed to refund part of the retainer, but did not do so at the time.

10. Respondent sent a bank check for $1500 on June 17, 2008, after receiving a DB-7 Letter from Office of Disciplinary Counsel.

11. In November of 2007, respondent agreed to a flat fee of $800 to represent Mr. Tibbens in a harassment claim against his employer, ECI Group.

12. On November 7, 2007, respondent wrote a letter to William P. Eichelberger of ECI Group. The letter indicated that respondent represented Mr. Tibbens and that he wanted to discuss harassment allegations. Respondent followed the letter with a telephone call to an unknown person at ECI, but was unable to resolve anything.

13. Respondent told Mr. Tibbens that he had earned the $800 and would not return any portion to his client.

14. Respondent was court-appointed to represent Dennis Franco in a Dauphin County criminal case. This matter arose out of respondent's employment as conflicts counsel. This required respondent to assume representation of assigned cases, with no limit on caseload, for a flat fee. Respondent did not have staff or secretarial assistance.

15. Respondent timely filed an appeal of Mr. Franco's conviction.

16. Respondent failed to file a timely 1925(b) statement of matters complained of on Appeal. It was due on August 1, 2008, but respondent filed it late on August 25, 2008. The trial court had already filed its memorandum opinion on August 12, 2008.

17. Respondent's brief to the Superior Court was due on October 20, 2008. He requested an extension of time on October 23, 2008.

18. The Superior Court granted an extension to file until November 19, 2008; however, respondent failed to timely

file the brief or request another extension of time.

19. On February 17, 2009, respondent filed his second request for an extension of time on the basis that he did not have the transcripts.

20. On February 27, 2009, the Superior Court remanded the case to Dauphin County for the appointment of new counsel and directed that respondent not be paid further fees due to his failure to timely file a 1925(b) Statement, as well as his extension of time requests.

21. Respondent testified at the disciplinary hearing.

22. Respondent accepted full responsibility for his misconduct. He admits that he did not properly handle the matters for his clients.

23. Respondent was extremely remorseful during the hearing and was clearly embarrassed by his misconduct.

24. Respondent cooperated with office of disciplinary counsel.

25. Respondent has been a sole practitioner since 1994 and is also employed as a conflicts counsel in Dauphin and Cumberland Counties. Prior to 1994, he was employed at several different law firms and as in-house counsel for an insurance company.

26. During the time period of 2006 through early 2009, respondent began using alcohol more frequently, sometimes every day. He was having personal financial difficulties, was anxious and upset, and felt depressed.

27. On July 24, 2009, respondent sought counseling with Deborah Salem, a professional certified addictions

counsel with a degree in psychology and sociology. Ms. Salem has 38 years of experience as an out-patient therapist providing mental health and substance abuse treatment services.

28. As of the date of the hearing, respondent had seen Ms. Salem in her professional capacity on three occasions and was planning to continue therapy sessions on a weekly basis.

29. Respondent was placed on Lexapro by a medical doctor, William Bahoney. He began almost immediately to see a significant difference and an improvement in his depressive state.

30. Respondent addressed his alcohol abuse through a self-imposed period of abstinence. At the time of the hearing, respondent admitted he drank an occasional glass of wine but agreed to cease alcohol use as part of his disciplinary sanction.

31. Ms. Salem opined that respondent suffered from depression during the time frame in question and was abusing alcohol as a method of medicating himself.

32. Ms. Salem opined that there is a direct link between respondent's depression and alcohol abuse and his misconduct.

33. Ms. Salem's testimony is credible and persuasive.

34. Respondent introduced the testimony of two character witnesses.

35. Dan Kraft is a friend and neighbor of respondent and has known him for 12 years.

36. Mr. Kraft testified credibly that among the people in the community who know respondent, his reputation is good as a peaceful and law-abiding person

37. David Dyson has known respondent for 18 years as a friend and neighbor. Among the people in the community who know respondent, his reputation is good as a peaceful and law-abiding person.

## III. CONCLUSIONS OF LAW

By his actions as set forth above, respondent violated the following rules of professional conduct:

1. RPC 1.3 - A lawyer shall act with reasonable diligence and promptness in representing a client.

2. RPC 1.4(a)(3) - A lawyer shall keep the client reasonably informed about the status of the matter.

3. RPC 1.4(a)(4) - A lawyer shall promptly comply with reasonable requests for information.

4. RPC 1.15(a) - A lawyer shall hold property of clients or third persons that is in a lawyer's possession in connection with a client-lawyer relationship separate from the lawyer's own property. Such property shall be identified and appropriately safeguarded. Complete records of the receipt, maintenance and disposition of such property shall be preserved for a period of five years after termination of the client-lawyer relationship or after distribution or disposition of the property, whichever is later.

5. RPC 1.15(b) - A lawyer shall promptly deliver to the client or third person any property that the client or third person is entitled to receive and, upon request by the client

or third person, shall promptly render a full accounting regarding such property.

6. RPC 1.15(e) - A lawyer shall deposit into a Trust Account legal fees and expenses that have been paid in advance, to be withdrawn by the lawyer only as fees are earned or expenses incurred, unless the client gives informed consent, confirmed in writing, to the handling of fees and expenses in a different manner.

7. RPC 1.15(g) - All qualified funds shall be placed in an IOLTA account.

8. RPC 8.4(a) - It is professional misconduct for lawyer to violate or attempt to violate the rules of professional conduct, knowingly assist or induce another to do so, or do so through the acts of another.

9. Respondent met his burden of proof by clear and satisfactory evidence that his mental disorder caused his misconduct. *Office of Disciplinary Counsel v. Braun*, 553 A.2d 895 (Pa. 1989).

10. Respondent did not violate rules of professional conduct 1.1, 1.5(a), 1.16(d), 8.4(c), and 8.4(d).

## IV. DISCUSSION

This matter is before the Disciplinary Board for consideration of charges against respondent that he violated the rules of professional conduct in the representation of two clients. Respondent admitted many of the facts and violations of the rules. Respondent testified on his own behalf and introduced expert testimony of a certified addictions counselor. He also introduced the testimony of two character witnesses.

Respondent was initially retained by Mr. Tibbens to secure permanent resident status for his wife. Respondent met with Mr. and Mrs. Tibbens on two occasions, obtained some information from them, and had them sign blank copies of the required immigration forms. Respondent then failed to complete the forms, have his client review them, or file them with the immigration service. Shortly thereafter, Mr. Tibbens retained respondent regarding a harassment claim. Respondent met with Mr. Tibbens on one occasion, wrote a letter to Mr. Tibbens' employer, and made a telephone call. Nothing else was done with regard to this matter. Respondent testified that he "failed miserably" in his representation of Mr. Tibbens and that he "didn't do anything for him [Mr. Tibbens]."

In the Franco matter, respondent failed to timely file a 1925(b) statement of matters of complained of on appeal which had been due on August 1, 2008, but which was not filed until August 25, 2008. At that point in time, the trial court had already filed its memorandum opinion. Respondent's brief to the Superior Court was due on October 20, 2008. He did not file it on time, and instead, made a request for extension of time on October 23, 2008, which was granted. Respondent then failed to timely file the brief. Eventually, the Superior Court remanded the case for the appointment of new counsel.

The facts of record support the conclusion that respondent violated rules of professional conduct 1.3, 1.4(a)(3) and (a)(4), 1.15(a)(b)(e) and (g), and 8.4(a). These rules go to the essence of respondent's misconduct and support a recommendation of discipline. The board further concludes, as did the hearing committee, that respondent did not violate rules of professional conduct

1.1, 1.5(a), 1.16(d), 8.4(c) and 8.4(d). Petitioner made an argument that respondent violated these rules; however, support for finding these violations is not as strongly made out in the facts.

Respondent presented expert testimony from his certified addictions counselor that he suffered from depression and abused alcohol, which caused his misconduct. The board has previously accepted the testimony of a certified addictions counselor as appropriate expert testimony. *In re Anonymous No. 56 DB 94*, 28 Pa. D. & C. 4th 398 (1995). Respondent sought treatment with Deborah Salem following his feelings of depression and his increased use of alcohol. Ms. Salem credibly testified that respondent suffered from depression and alcohol abuse. She further credibly testified that these conditions were a causal factor in his misconduct. Currently, respondent takes Lexapro and continues cognitive therapy sessions with Ms. Salem to address his depression. His mental health situation is currently stable. The record supports the conclusion that respondent met the *Braun* standard and is entitled to mitigation. *Office of Disciplinary Counsel v. Braun*, 553 A.2d 895 (1989) (a psychiatric disorder that is a causal factor in producing professional misconduct can be considered a mitigating factor.)

The hearing committee has recommended that Respondent be suspended for a period of six months, the suspension stayed in its entirety, and probation imposed for a period of two years with the conditions of psychological counseling and treatment; quarterly reports to the board; a time/practice management course for CLE; and alcohol abstinence with participation in Lawyers Concerned for Lawyers.

Petitioner proposes that the length of the stayed suspension be increased to one year and one day, based on its contention that if respondent should violate his probation, he would be suspended for a year and a day and would be required to go through a formal reinstatement process wherein he would have the burden to prove that he was fit to resume the practice of law. Petitioner's argument is persuasive, as a longer period of suspension provides a stiffer penalty to respondent in the event of a probation violation and more protection for the public.

Considering respondent's misconduct in the instant case involving three legal matters, his record of prior discipline for similar misconduct, his depression and abuse of alcohol which was a contributing factor in causing the instant misconduct, and respondent taking medication and obtaining therapy, it is recommended that respondent be suspended for a period of one year and one day, the suspension stayed in its entirety and probation of two years with conditions.

## V. RECOMMENDATION

The Disciplinary Board of the Supreme Court of Pennsylvania unanimously recommends that the respondent, Michael D. Rentschler, be suspended from the practice of law for a period of one year and one day, that the suspension be stayed in its entirety and that he be placed on probation for a period of two years, subject to the following conditions:

1. Respondent shall abstain from using alcohol or any other mind altering chemical;

2. Respondent shall regularly attend Alcoholics Anonymous meetings on a weekly basis;

3. Respondent shall obtain a sponsor in Alcoholics Anonymous and maintain weekly contact with that sponsor;

4. A sobriety monitor shall be appointed to monitor Respondent in accordance with Disciplinary Board Rule §89.293(c);

5. Respondent shall furnish his sobriety monitor with his Alcoholics Anonymous sponsor's name, address and telephone number;

6. Respondent shall establish his weekly attendance at Alcoholics Anonymous meetings by providing written verification to the board on a board approved form;

7. Respondent shall undergo any counseling, out-patient or in-patient treatment, prescribed by a physician or alcohol counselor;

8. Respondent shall file with the Secretary of the board quarterly written reports;

9. With the sobriety monitor, respondent shall:

   a) meet at least twice a month;

   b) maintain weekly telephone contact;

   c) provide the necessary properly executed written authorizations to verify his compliance with the required substance abuse treatment; and

   d) cooperate fully.

10. The appointed sobriety monitor shall:

   a) monitor respondent's compliance with the terms and conditions of the order imposing probation;

   b) assist respondent in arranging any necessary professional or substance abuse treatment;

c) meet with respondent at least twice a month, and maintain weekly telephone contact with respondent;

d) maintain direct monthly contact with the Alcoholics Anonymous chapter attended by the respondent;

e) file with the secretary of the board quarterly written reports; and

f) immediately report to the secretary of the board any violations by the respondent of the terms and conditions of the probation.

11. Respondent shall take a time management course during the first year of his probation and submit proof of completion of the course to the secretary of the board within ten days.

12. Respondent shall not commit any violations of the rules of professional conduct in this or any other jurisdiction where he is admitted to practice, must not commit any criminal violations, and must make quarterly sworn certifications to the board that he is in compliance with this condition.

It is further recommended that the expenses incurred in the investigation and prosecution of this matter are to be paid by the respondent.

Expenses Incurred in the Investigation and
Prosecution of the above-captioned proceedings*

03/17/2009   12 Copies of Petition for          $48.00
             Discipline (33 DB 2009)

222

| | | |
|---|---|---|
| 04/07/2009 | 12 Copies of Answer to Petition for Discipline (33 DB 2009) | 66.00 |
| 08/19/2009 | 12 Copies of Petition for Discipline (127 DB 2009) | 24.00 |
| 09/04/2009 | 12 Copies of Answer to Petition for Discipline (127 DB 2009) | 36.00 |
| 02/01/2010 | 12 Copies of Hearing Committee Report | 114.00 |
| 02/17/2010 | 16 Copies of Office of Disciplinary Counsel Brief on Exceptions | 138.00 |
| 05/28/2009 | Transcripts of Prehearing Conference held 05/12/2009 | 90.00 |
| 11/16/2009 | Transcripts of Hearing held 10/14/2009 | 505.40 |
| 06/30/2010 | Administration Fee | 250.00 |

TOTAL AMOUNT DUE                    $1,271.40

## ORDER

PER CURIAM

And now, this August 27, 2010, upon consideration of the report and recommendations of the Disciplinary Board dated June 30, 2010, it is hereby

Ordered that Michael D. Rentschler is suspended from the practice of law in this commonwealth for a period of one year and one day, the suspension is stayed in its

entirety and he is placed on probation for a period of two years, subject to the following conditions:

1. Respondent shall abstain from using alcohol or any other mind-altering chemical;

2. Respondent shall attend Alcoholics Anonymous meetings on a weekly basis;

3. Respondent shall obtain a sponsor in Alcoholics Anonymous and maintain weekly contact with that sponsor;

4. A sobriety monitor shall be appointed to monitor respondent in accordance with Disciplinary Board rule §89.293(c);

5. Respondent shall furnish his sobriety monitor with his Alcoholics Anonymous sponsor's name, address and telephone number;

6. Respondent shall establish his weekly attendance at Alcoholics Anonymous meetings by providing written verification to the board on a board-approved form;

7. Respondent shall undergo any counseling, out-patient treatment or in-patient treatment, as prescribed by a physician or alcohol counselor;

8. Respondent shall file with the secretary of the board quarterly written reports;

9. With the sobriety monitor, respondent shall:

a) meet at least twice a month;

b) maintain weekly telephone contact;

c) provide the necessary properly executed written authorizations to verify his compliance with the required substance abuse treatment; and

d) cooperate fully.

10. The appointed sobriety monitor shall:

a) monitor respondent's compliance with the terms and conditions of the order imposing probation;

b) assist respondent in arranging any necessary professional or substance abuse treatment;

c) meet with respondent at least twice a month and maintain weekly telephone contact with him;

d) maintain direct monthly contact with the Alcoholics Anonymous chapter attended by respondent;

e) file with the secretary of the board quarterly written reports; and

f) immediately report to the secretary of the board any violations by respondent of the terms and conditions of the probation.

11. Respondent shall take a time management course during the first year of his probation and submit proof of completion of the course to the secretary of the board within ten days thereafter.

12. Respondent shall not commit any violations of the rules of professional conduct in this or any other Jurisdiction where he is admitted to practice, shall not commit any criminal violations and shall submit quarterly sworn certifications to the board that he is in compliance with this condition.

It is further ordered that respondent shall pay costs to the Disciplinary Board pursuant to rule 208(g), Pa.R.D.E.